FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAR 21 P 4: 41

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZANDER LAMONT RICHARDSON, JR. :
#412-735
      Plaintiff :

v. : Civil Action No. JKB-14-786

KEVIN WIGGINS, ASSISTANT STATE'S :
  ATTORNEY
BARRY G. WILLIAMS, JUDGE :
      Defendants

## MEMORANDUM

On March 13, 2014, Zander Lamont Richardson, Jr., currently incarcerated within the Maryland Department of Corrections and housed at North Branch Correctional Institution in Cumberland, filed this civil complaint pursuant to 42 U.S.C. § 1983. As best can be discerned, Richardson seeks immediate release, alleging that he was "erroneously" convicted. ECF No. 1, p. 3. He has filed a motion for leave to file in forma pauperis (ECF No. 2) which shall be granted.

Examination of Maryland's electronic docket reveals that on January 7, 2009, Richardson was arrested for first-degree murder, burglary, and firearms offenses.[1] The Circuit Court docket indicates that Richardson was held without bail and on at least two occasions was adjudicated incompetent to stand trial.[2] Ultimately, he was declared competent, stood trial, and was convicted. This court finds that despite his scantily pled complaint, there is no requirement for appointment of a guardian to pursue the claims presented. *See* Fed. R. Civ. P. 17(c)(2).

Richardson's complaint as initially drafted is deficient. Federal Rule of Civil Procedure 8(a) requires the submission of complaints that include (1) a short and plain statement of the

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=0B01999333&loc=3&detailLoc=DSCR/;.

[2] *See http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=109043020&loc=69&detailLoc=DSK8*

grounds upon which this court has jurisdiction; (2) a short and plain statement of the claim showing that plaintiff is entitled to relief; and (3) demand for judgment for the relief plaintiff seeks. The paperwork submitted by Richardson does not comply with Rule 8(a). Furthermore, it does not appear that his conviction has been overturned or otherwise invalidated,[3] a prerequisite to filing the instant lawsuit. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A separate order will follow.

DATED this 21 day of March, 2014.

BY THE COURT:

James K. Bredar
United States District Judge

---

[3] If Richardson has completed state court appellate and post-conviction review of his conviction and sentence, he may seek federal habeas corpus relief. To seek federal habeas corpus relief, Richardson may request the appropriate forms from the Clerk.